UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ENTREPRENEUR MEDIA, INC., <br><br> Plaintiff, <br><br> v. <br><br> KIRTON COMMUNICATIONS GROUP LIMITED, *et al.*, <br><br> Defendants. | Case No. 15-cv-01415-SI <br><br> **ORDER GRANTING PLAINTIFF'S APPLICATION FOR DEFAULT JUDGMENT AGAINST KIRTON COMMUNICATIONS GROUP LIMITED AND MAS FINANCIAL & CORPORATE SERVICES LTD.** <br><br> Re: Dkt. No. 23 |

On September 18, 2015, the Court held a hearing on plaintiff's application for default judgment against defendants Kirton Communications Group Limited and MAS Financial and Corporate Services Limited. No one appeared on behalf of the defaulting defendants. For the reasons set forth below, the Court GRANTS plaintiff's application for default judgment.

**DISCUSSION**

Federal Rule of Civil Procedure 55(b)(2) provides that a court may enter default judgment and, if necessary to effectuate judgment, conduct an accounting, determine the amount of damages, establish the truth of any allegation by evidence, or investigate any other matter. While the decision to grant or deny an application for default judgment is within the Court's discretion, "[i]n applying th[e] discretionary standard, default judgments are more often granted than denied." *PepsiCo v. Triunfo-Mex, Inc*., 189 F.R.D. 431, 432 (C.D. Cal. 1999). "Factors which may be considered by courts in exercising discretion as to the entry of a default judgment include: (1) the possibility of prejudice to the plaintiff, (2) the merits of plaintiff's substantive claim, (3) the sufficiency of the complaint, (4) the sum of money at stake in the action; (5) the possibility of a

1  dispute concerning material facts; (6) whether the default was due to excusable neglect, and (7) the
2  strong policy underlying the Federal Rules of Civil Procedure favoring decisions on the merits."
3  *Eitel v. McCool*, 782 F.2d 1470, 1471-72 (9th Cir. 1986).  A plaintiff establishes trademark
4  infringement or unfair competition by demonstrating that it has a protectable interest in the
5  infringed mark, and the defendant's use of the mark is "likely to cause consumer confusion."
6  *Network Automation, Inc. v. Advanced Sys. Concepts*, 638 F.3d 1137, 1144 (9th Cir. 2011).

7  The Court finds that these factors weigh in favor of granting default judgment and
8  awarding the requested relief.  As an initial matter, the Court finds that for the reasons set forth in
9  plaintiff's application, the Court has jurisdiction over defendants.  Plaintiff will be prejudiced in
10 the absence of a default judgment.  In addition, there is no evidence of excusable neglect in the
11 record.  Further, while cases should be decided on the merits whenever possible, defendants'
12 failure to defend this action has made a decision on the merits impractical, if not impossible.
13 *Elektra Entm't Grp. Inc. v. Crawford*, 226 F.R.D. 388, 392 (C.D. Cal. 2005).

14 The Court also finds that plaintiff has also shown that defendants have infringed EMI's
15 marks and that defendants' ENTREPRENEUR SPIRIT mark is likely to cause consumer
16 confusion with the EMI Marks based on an examination of the relevant *Sleekcraft* factors.  *See
17 AMF, Inc. v. Sleekcraft Boats*, 599 F.2d 341, 353 (9th Cir. 1979).  Accordingly, the Court hereby
18 FINDS that: (1) defendants have infringed EMI's federally registered trademarks in violation of
19 15. U.S.C. § 1114; (2) defendants have created a false designation of origin and false
20 representation of association in violation of 15 U.S.C. § 1125(a); (3) defendants have infringed
21 EMI's trademarks in violation of California common law; and (4) defendants have engaged in
22 common law unfair competition.

23 In consideration of the above and after weighing all appropriate equitable factors
24 applicable to this case, the Court finds that permanent injunctive relief is appropriate.  The Court
25 hereby enters the following PERMANENT INJUNCTION:

26 Defendants, and their principals, officers, directors, members, partners, agents, servants,
27 employees, and attorneys, and all other persons acting in concert or participating with them, who
28 receive actual notice of the injunction order by personal or other service, shall permanently:

1.    cease all use and never use the ENTREPRENEUR SPIRIT mark, the EMI marks, or any other mark likely to cause confusion with the EMI marks, in connection with the promotion, advertising, offering for sale, or sale, of any products or services;

2.    never use any false designation of origin, false representation, or any false or misleading description of fact, that can, or is likely to, lead the consuming public or individual members thereof, to believe that any products or services produced, offered, promoted, marketed, advertised, provided, or sold by defendants are in any manner associated or connected with EMI, or are licensed, approved, or authorized in any way by EMI;

3.    never represent, suggest in any fashion to any third party, or perform any act that may give rise to the belief, that defendants, or any of their goods or services, are related to, authorized by, or sponsored by EMI;

4.    cease all use of the domain name entrepreneurspirit.org and any similar domain names, and never register any domain names that contain any of the EMI marks, or any domain names confusingly similar to any of the EMI marks;

5.    cease all advertising of products or services under the ENTREPRENEUR SPIRIT mark, including but not limited to defendants' magazine, Facebook page, Twitter account, and iTunes application;

6.    never unfairly compete with EMI in any manner whatsoever, or engage in any unfair, fraudulent, or deceptive business practices that relate in any way to the production, distribution, marketing, and/or sale of products and services bearing any of the EMI marks; and

7.    never apply for or seek to register the ENTREPRENEUR SPIRIT mark or any mark that is likely to cause confusion with any of the EMI marks.

The Court further ORDERS defendants to file with the Court and serve upon EMI's counsel, within thirty (30) days after service of this order, a report in writing and under oath setting forth in detail the manner and form in which Defendants have complied with this injunction.

The Court further ORDERS defendants and their officers, directors, members, agents, servants, employees, and attorneys, and all other persons acting in concert or participating with

them, to transfer to EMI all domain names in defendants' possession, custody, or control that include the word "entrepreneur" or any misspelling thereof, or are otherwise confusingly similar to, or contain any of, the EMI Marks, including but not limited to entrepreneurspirit.org.

The Court hereby deems EMI to be the prevailing party in this action under 15 U.S.C. § 1117(a) and 54(d)(1) of the Federal Rules of Civil Procedure. Further, the Court deems this case to be exceptional under 15 U.S.C. § 1117(a) because of defendants' intentional and willful misconduct. *See Rio Props. v. Rio Int'l Interlink*, 284 F.3d 1007, 1023 (9th Cir. 2002).

Accordingly, EMI is hereby provisionally awarded its costs and reasonable attorneys' fees, and is directed to submit within 20 days of the filing date of this order a request for costs and attorneys' fees in accordance with the procedures and deadlines set forth in Federal Rule of Civil Procedure 54(d) and Local Rule 54. The fee request will be deemed submitted without oral argument.

**IT IS SO ORDERED**.

Dated: September 22, 2015

SUSAN ILLSTON
United States District Judge